No. 2--97--0428

December 9, 1998

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

THE PEOPLE OF THE STATE)Appeal from the Circuit Court

OF ILLINOIS,)of McHenry County.

)

Plaintiff-Appellee,)

)No. 95--CF--534

v.)

)

PATRICK A. HAGBERG,)Honorable

)Ward S. Arnold,

Defendant-Appellant.)Judge, Presiding.

________________________________________________________________

JUSTICE THOMAS delivered the opinion of the court:

Following a bench trial in the circuit court of McHenry County, defendant, Patrick A. Hagberg, was convicted of unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 1994)) and of a traffic violation.  Prior to the trial, defendant pleaded guilty to the offense of resisting a peace officer (720 ILCS 5/31--1 (West 1994)).  With respect to the unlawful possession conviction, the trial court sentenced defendant to 24 months' probation with various conditions and costs.  After the trial court denied his motion for a new trial, defendant filed a timely notice of appeal.  Defendant appeals only from his conviction of unlawful possession of a controlled substance.

Defendant raises three issues on appeal:  (1) whether a field test, by itself, was sufficient to prove beyond a reasonable doubt that he possessed a controlled substance; (2) whether the trial court erred in admitting the field test evidence; and (3) whether he understandingly waived his right to a jury trial.  Because the 
 
the field test evidence in this case was insufficient to prove beyond a reasonable doubt that defendant possessed a controlled substance
, we reverse his conviction and vacate his sentence.

At trial, the State presented evidence tending to show that defendant possessed small amounts of cocaine in two separate containers, a glass vial and a folded piece of paper.  The trial court found that defendant did possess the folded piece of paper but that the State failed to prove beyond a reasonable doubt that defendant possessed the glass vial.  Defendant’s appeal concerns only the substance in the folded piece of paper.

The incident that gave rise to the charges against defendant occurred about 11:30 p.m. on June 26, 1995.  At that time, Officer William Bukovsky of the McCullom Lake police department was on duty as a uniformed patrolman in a one-person squad car.  Bukovsky testified that he observed a car being driven with an improper taillight.  Bukovsky activated the flashing lights and siren on his squad car and pursued the car.  The car did not stop until it had proceeded about a half mile and turned into a parking lot near an apartment complex.  Defendant was driving the car.  After stopping the car in the parking lot, defendant exited the car and stood next to it.

Bukovsky approached defendant and informed him that he was under arrest because his driver’s license was suspended.  According to Bukovsky, defendant then resisted his arrest.  Two other police officers helped Bukovsky handcuff defendant and place him in the back of Bukovsky’s squad car.  Bukovsky then transported defendant to the police station and processed his arrest.

Bukovsky’s testimony regarding the folded piece of paper included the following.  During the processing of defendant’s arrest, defendant requested his wallet.  Bukovsky then went to his squad car and searched for defendant’s wallet.  At the start of his shift, Bukovsky had inspected his squad car to insure that nothing had been left in the squad car from a previous shift.  On the date in question, no one else was in the back of Bukovsky's squad car before defendant's arrest.  Bukovsky found defendant’s wallet on the floor of his squad car behind the driver’s seat.  At the same time, Bukovsky also found a folded piece of paper on the floor of the squad car a few inches from defendant’s wallet.  Bukovsky took the folded piece of paper into the police station where he unfolded it and found a white powdery substance inside.  Defendant denied that the folded piece of paper was his.

Bukovsky testified that he performed a field test on the substance in the folded piece of paper and that the field test was positive for cocaine.  In performing the field test, Bukovsky followed the directions included with the field test materials.  Bukovsky had previously performed 20 to 30 field tests.  About five or six of the previous field tests that Bukovsky had performed were for the presence of cocaine.

On cross-examination, Bukovsky testified that he had received from four to six hours of training regarding field tests at the University of Illinois Corrections Academy.  He also received additional training in field tests from personnel at the McCullom Lake police department.  Bukovsky testified that he was trained in the type of field test that he performed on the substance in the folded piece of paper.  This type of field test involved putting the substance tested in a little vial with another substance and observing the color that then appeared.  Bukovsky did not know the name of the test.  He was not aware of any other types of field tests.  When he was asked if he knew what color to look for when performing a field test, Bukovsky responded, "Off hand, no. I just read the directions whatever it tells you to do."

On appeal, defendant contends that the State failed to prove him guilty beyond a reasonable doubt of possessing a controlled substance.  Defendant first argues that a field test by itself is insufficient to prove beyond a reasonable doubt that a substance is a controlled substance.  Defendant also argues that, even if a field test was sufficient by itself, the trial court erred in admitting the field test evidence in this case because the State failed to establish an adequate foundation for Bukovsky's testimony regarding the field test and, in the absence of any other evidence proving that he possessed a controlled substance, the State failed to prove his guilt beyond a reasonable doubt.

When resolving a challenge to the sufficiency of the evidence in a criminal trial, a reviewing court considers all the evidence in the light most favorable to the prosecution and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
People v. Collins
, 106 Ill. 2d 237, 261 (1985).  A reviewing court will not reverse a criminal conviction unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt.  
People v. Manning
, 182 Ill. 2d 193, 210 (1998).

In a criminal case, the State has the burden to establish beyond a reasonable doubt the essential elements of the crime.  
People v. Sanford
, 24 Ill. 2d 365, 368 (1962).  To prove a defendant guilty of unlawful possession of a controlled substance, the State must prove beyond a reasonable doubt that the substance possessed by the defendant was in fact a controlled substance.  
People v. Hanna
, 296 Ill. App. 3d 116, 121 (1998).

 
In this case, despite his initial denial, on appeal defendant does not dispute the State's contention that he possessed the folded piece of paper found by Bukovsky on the floor of the squad car or that the folded piece of paper contained a white powdery substance.  Rather, defendant asserts that the State failed to prove that the substance in the folded piece of paper was a controlled substance.  In support of this assertion, defendant argues that a field test alone is insufficient to prove that a substance is a controlled substance and that the trial court abused its discretion by admitting the evidence of the field test in this case.

We first address defendant’s contention that a field test, by itself, is insufficient to prove beyond a reasonable doubt that a substance is a controlled substance.  In support of his contention defendant argues that we should not follow 
People v. Clark
, 7 Ill. 2d 163 (1955), which courts have frequently cited for the proposition that a field test alone is sufficient to prove beyond a reasonable doubt that a substance is a controlled substance.  See, 
e.g.
, 
People v. Harrison
, 26 Ill. 2d 377, 379-80 (1962); 
People v. Hernandez
, 229 Ill. App. 3d 546, 556 (1992); 
People v. United States Currency
, 213 Ill. App. 3d 899, 903 (1991); 
People v. Vazquez
, 180 Ill. App. 3d 270, 277 (1989); 
People v. Littorio
, 32 Ill. App. 3d 255, 259 (1975); 
People v. West
, 3 Ill. App. 3d 106, 114-15 (1971); 
People v. Garcia
, 52 Ill. App. 2d 481, 487 (1964).

Initially, we note that 
Clark
 does not stand for the proposition for which its progeny has frequently cited it.  In 
Clark
, a police informant purchased a white powder substance from the defendant who was found guilty of selling narcotic drugs.  
Clark
, 7 Ill. 2d 165-

66.  A police officer performed a field test that indicated that the substance was a derivative of opium.  
Clark
, 7 Ill. 2d at 166.  At trial, a chemist testified that powder in two packets delivered to him by one of the police officers participating in the defendant's arrest was heroin.  
Clark
, 7 Ill. 2d at 167.  On appeal, one of the issues raised by the defendant was whether the powder analyzed by the chemist was the same powder purchased by the police informant.  The court noted that the foundation for the chemist's testimony left "much to be desired" but stated that the foundational defect regarding the chemist's analysis was "not fatal in light of the fact that the testimony of [the officer who performed the field test] was sufficient to establish beyond a reasonable doubt that the powder purchased from the defendant field tested as a derivative of opium."  
Clark
, 7 Ill. 2d at 171.  The court then stated that "
[f]rom a careful examination of the entire record
, we are convinced that the evidence establishes the guilt of defendant beyond a reasonable doubt."  (Emphasis added.)  
Clark
, 7 Ill. 2d at 171.  Thus, it is clear from 
Clark
 that the court based its finding that the defendant was proved guilty beyond a reasonable doubt on the entire record, which included the chemical lab analysis and the officer's testimony that the defendant had sold a powder substance to a former narcotic addict turned informant.  The court did not base its conclusion solely on the field test.

The cases that have cited 
Clark
 for the notion that a field test alone is sufficient have mostly arisen in the context of the sufficiency of the chain of custody in connection with a chemical lab test performed on the substances in question.  Furthermore, in many of those cases, the field tests were not the only reliable evidence presented to establish the defendants' guilt beyond a reasonable doubt.  See 
Harrison
, 26 Ill. 2d at 379-80; 
Hernandez
, 229 Ill. App. 3d at 555-56 (sufficient chain of custody established for chemical lab analysis); 
Litterio
, 32 Ill. App. 3d at 258-60 (in addition to field test, evidence included a chemical lab test and testimony of arresting officer that defendant asked officer if he wanted to buy heroin and then proceeded to negotiate the sale of two bags for $60); 
West
, 3 Ill. App. 3d at 114-15 (court found that chain of possession of substance subjected to chemical lab test was sufficiently shown); 
Garcia
, 52 Ill. App. 2d at 488 (field test along with defendant's admissions to arresting officers that the substance in question was heroin was sufficient to prove defendant's guilt beyond a reasonable doubt).

In 
Harrison
, decided seven years after 
Clark
, the Illinois Supreme Court cited 
Clark
 with approval for the proposition that  reversible error did not occur in the case before it even though the trial court erroneously allowed evidence of a chemical lab test that clearly lacked sufficient foundation.  
Harrison
, 26 Ill. 2d at 379.  The court concluded that the record nonetheless contained sufficient proof beyond a reasonable doubt that the substance sold by the defendant was heroin where the defendant made admissions to the arresting officer that the substance he was selling was heroin, coupled with a field test that "showed a positive reaction which might be heroin."  
Harrison
, 26 Ill. 2d at 380.  Thus, in 
Harrison
, a search of the "entire record," as contemplated by 
Clark
, revealed sufficient evidence to establish the defendant's guilt beyond a reasonable doubt.

In 
People v. Judkins
, 28 Ill. 2d 417 (1963), a field test of a white powder substance that was alleged to be a narcotic indicated that the substance "might be a derivative of opium."  
Judkins
, 28 Ill. 2d at 419.  However, the State failed to prove that the substance introduced into evidence at trial was the same substance stipulated to be heroin pursuant to a chemical analysis performed in a crime laboratory.  The supreme court rejected the lab analysis and noted that besides the field test there was "no proof in the record that the substance the defendant was alleged to have sold was in fact narcotics as charged in the indictment."  
Judkins
, 28 Ill. 2d at 421.  Accordingly, the supreme court reversed the defendant's conviction.  In 
Judkins
, unlike 
Clark
, the court completely rejected the lab analysis and there was no other evidence in the record besides the field test to support the conviction.  Moreover, testimony showed that the field test in 
Judkins
 indicated that the substance "might be" a narcotic while the field test in 
Clark
 indicated that the substance "proved to be" a narcotic.

From the foregoing, we conclude that 
Clark
 did not intend for a field test, without more, to be sufficient to prove beyond a reasonable doubt that a substance is a controlled substance.  While a field test 
may
 indicate the presence of a controlled substance, it should not be seen as conclusive.  See 
People v. Schroeder
, 102 Ill. App. 3d 133, 134 (1981) (where State's Attorney noted that while a positive field test may be sufficient for a finding of probable cause in a preliminary hearing, such tests were "not always accurate").  Thus, field tests, by their very nature, lack the reliability necessary to make their results proof beyond a reasonable doubt absent sufficient foundational evidence establishing their reliability beyond something more than the probable presence of a narcotic.

We also find that here the evidence in the record failed to demonstrate the reliability of the field test conducted in this case.  In that regard, Bukovsky’s testimony included a general description of the test he performed in terms of placing the substance in a test vial with another substance and observing the color that appeared.  However, Bukovsky could not name and did not otherwise identify the test he performed.  Moreover, Bukovsky could not recall what color reaction he looked for when he performed the test.  The State failed to elicit any more detailed testimony from Bukovsky regarding the type of test he performed.  The State also failed to present any  evidence showing whether the field test performed by Bukovsky was a specific test for the presence of cocaine or whether the test was nonspecific.  If the test was nonspecific, it proved only that the substance in the folded piece of paper could be cocaine but could also be one of an unknown number of other substances (not necessarily illegal) that produce similar results when tested.  See 
People v. One 1982 Maroon Ford Mustang, VIN 1FABP10B0CF213758
, 258 Ill. App. 3d 127, 130 (1994) (noting limitations of nonspecific field test). 

On this record, even when viewing the evidence in the light most favorable to the State, we find that the State failed to prove beyond a reasonable doubt that the substance defendant possessed was a controlled substance.  Because this issue is dispositive, we need not address defendant's other contentions of error.  However, we note that our review of the record shows that plaintiff knowingly and understandingly waived his right to a jury trial.

That portion of the judgment of the circuit court of McHenry County that found defendant guilty of unlawful possession of a controlled substance is reversed, and the sentence imposed on defendant for unlawful possession of a controlled substance is vacated.

Reversed in part and vacated in part.

McLAREN and HUTCHINSON, JJ., concur.