Filed 10/22/08          NO. 4-07-1063

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,   )   Appeal from
          Plaintiff-Appellee,          )   Circuit Court of
          v.                           )   Vermilion County
ANGELA R. FELTON,                      )   No. 06CF113
          Defendant-Appellant.         )
                                       )   Honorable
                                       )   Claudia S. Anderson,
                                       )   Judge Presiding.
_____

          JUSTICE TURNER delivered the opinion of the court:

          In March 2006, the State charged defendant, Angela R.

Felton, by information with four counts of forgery (720 ILCS

5/17-3(a)(2) (West 2006)).  Pursuant to a plea agreement, defen-

dant pleaded guilty to two of the four forgery counts.  In July

2006, the trial court sentenced defendant to 24 months' probation

and ordered her to pay $2,979.68 in restitution.  In September

2006, the State filed a petition to revoke defendant's probation,

and after a hearing, the court found defendant had violated her

probation.  In November 2006, the court modified defendant's

probation by adding an additional six months of probation.  In

August 2007, the State filed a second petition to revoke defen-

dant's probation, and defendant admitted one of the violations

alleged in the petition.  In November 2007, the court revoked

defendant's probation and resentenced her to three years' impris-

onment and ordered her to pay $2,979.68 in restitution.  Defen-

dant filed a motion to reconsider her sentence, which the court denied in December 2007.

Defendant appeals, asserting the trial court erred by ordering her to pay $2,979.68 in restitution because a portion of that amount related to one of the forgery charges that was dismissed. We affirm in part, vacate in part, and remand with directions.

## I. BACKGROUND

The March 2006 charges against defendant were based on four checks that were payable to defendant, purportedly made by another, and dated January 27, 2006. The charges alleged defendant cashed the checks with the intent to defraud. The amounts of the checks were $994.72, $996.83, $984.72, and $988.13 for counts I through IV, respectively. The State later filed amended charges that added more information but did not change the crimes or the amounts of the checks.

At a May 15, 2006, hearing, defendant pleaded guilty to forgery counts I and II under a plea agreement. The plea agreement provided that, if defendant pleaded guilty to counts I and II, counts III and IV would be dismissed and she would be placed on probation, of which the terms and conditions would be determined by the trial court. The court accepted defendant's guilty plea and dismissed counts III and IV.

In a June 2006 letter, the financial institution where

defendant cashed three of the four checks requested restitution for three checks in the amounts of $988.13, $996.83, and $994.72, for a total of $2,979.68. At a July 2006 sentencing hearing, the trial court sentenced defendant to 24 months' probation and, inter alia, ordered defendant to pay $2,979.68 in restitution.

In September 2006, the State filed a petition to revoke defendant's probation. On September 28, 2006, the trial court held a hearing on the State's petition and found the State had proved defendant violated her probation by failing to show up for her home visit. In November 2006, the court modified defendant's probation order by adding an additional six months of probation and requiring her to comply with mental-health treatment.

In August 2007, the State filed a second petition to revoke defendant's probation, alleging defendant failed to (1) report to the probation office for six months, (2) pay restitution, and (3) undergo a mental-health evaluation. At a September 2006 hearing, defendant admitted she had failed to report to probation, and the State withdrew the other two alleged violations. The trial court accepted defendant's admission to the probation violation and re-served revocation of probation until sentencing. At the November 2007 sentencing hearing, the court resentenced defendant to three years' imprisonment and ordered her to pay $2,979.68 in restitution. Defendant filed a motion to reconsider, arguing her sentence was excessive. After a December 18, 2007, hearing, the court denied

defendant's motion.

On December 26, 2007, defendant filed a notice of appeal from the December 18, 2007, order in compliance with Supreme Court Rule 606 (210 Ill. 2d R. 606).  See Netto v. Goldenberg, 266 Ill. App. 3d 174, 178, 640 N.E.2d 948, 952 (1994), overruled on other grounds by Holton v. Memorial Hospital, 176 Ill. 2d 95, 118-19, 679 N.E.2d 1202, 1212 (1997) (indicating the notice of appeal may list either the order disposing of the posttrial motion or the order entering the judgment).

## II. ANALYSIS

On appeal, defendant contends a portion of the trial court's restitution order is void because it is related to a dismissed count.

We begin by addressing the State's argument defendant cannot raise this issue on her appeal from the revocation of her probation because it relates to a condition of her probation. Specifically, the State notes the following language from one of our recent opinions:

> "'When no direct appeal is taken from an
> order of probation and the time for appeal has
> expired, a reviewing court is precluded from
> reviewing the propriety of that order in an
> appeal from a subsequent revocation of that
> probation, unless the underlying judgment of

- 4 -

conviction is void.'" People v. Gregory, 379

Ill. App. 3d 414, 418, 883 N.E.2d 762, 765-66

(2008), quoting People v. Johnson, 327 Ill. App.

3d 252, 256, 762 N.E.2d 1180, 1183 (2002).

However, when a court revokes a defendant's probation, a new sentence is imposed. People v. Gazelle, 165 Ill. 2d 93, 97, 649 N.E.2d 381, 383 (1995); see also 730 ILCS 5/5-6-4(e) (West 2006). In this case, when the trial court resentenced defendant, it again imposed $2,979.-68 in restitution. Thus, defendant is not challenging a condition of her prior probation but rather part of her new sentence imposed after the revocation of probation. Thus, our statement in Gregory does not prohibit defendant from raising her restitution argument.

Moreover, we disagree with the State that, if the trial court erred as to a portion of the restitution order, the restitution order was only voidable. Defendant contends a portion of the court's restitution order did not comply with section 5-5-6(d) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-5-6(d) (West 2006)). It is well settled any portion of a sentence not authorized by statute is void. People v. Thompson, 209 Ill. 2d 19, 23, 805 N.E.2d 1200, 1203 (2004). It is also well-established void orders may be attacked at any time. Thompson, 209 Ill. 2d at 25, 805 N.E.2d at 1203. Recently, the Fifth District found a portion of a restitution order was unauthorized by statute and thus concluded that portion was void and not subject to procedural default. See People v. Mocaby,

- 5 -

378 Ill. App. 3d 1095, 1101-02, 882 N.E.2d 1162, 1168-69 (2008).

Accordingly, we will address whether the restitution order is authorized by section 5-5-6(d).  That issue presents a question of law that we review de novo.  See People v. Walton, 357 Ill. App. 3d 819, 822, 829 N.E.2d 396, 399 (2005) (addressing whether the trial court complied with the statute governing presentence-investigation reports).  We note the State does not contest defendant's assertion a portion of the restitution order was erroneous.

Here, defendant asserts $988.13 of the $2,979.68 relates to count IV, which was dismissed pursuant to the plea agreement.  The record supports defendant's assertion.  The checks that served the basis for counts I, II, and IV were in the amounts of $994.72, $996.83, and $988.13, respectively.  The checks for counts I and II total $1,991.55, which is $988.13 less than the $2,979.68 restitution order.  Moreover, the financial institution's restitution letter listed an additional check besides the two checks that served the basis for counts I and II.

The only provision in the restitution statute addressing dismissed charges states as follows:

> "(d) In instances where a defendant has
> more than one criminal charge pending against
> him in a single case *** and the defendant stan-
> ds convicted of one or more charges, a plea
> agreement negotiated by the State's Attorney and

- 6 -

the defendant[] may require the defendant to make restitution to victims of charges that have been dismissed or which it is contemplated will be dismissed under the terms of the plea agreement, and under the agreement, the court may impose a sentence of restitution on the charge or charges of which the defendant has been convicted that would require the defendant to make restitution to victims of other offenses as provided in the plea agreement." 730 ILCS 5/5-5-6(d) (West 2006).

In this case, defendant's plea agreement did not provide for restitution for any dismissed charges. Accordingly, the trial court was not authorized under section 5-5-6(d) of the Unified Code (730 ILCS 5/5-5-6(d) (West 2006)) to order restitution related to the dismissed count IV. Thus, the unauthorized portion of the restitution order is void (see Thompson, 209 Ill. 2d at 23, 805 N.E.2d at 1203), and the amount of restitution should be reduced to $1,991.55.

Since we agree with defendant that a portion of the trial court's restitution order is void, we do not address her alternative argument.

### III. CONCLUSION

For the reasons stated, we vacate that portion of the restitution order that related to count IV, affirm the trial court's

judgment in all other respects, and remand for the entry of an amended restitution order in the amount $1,991.51.

Affirmed in part and vacated in part; cause remanded with directions.

MYERSCOUGH and COOK, JJ., concur.