# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Moore*, 2013 IL App (3d) 110474

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JARMARCO MOORE, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-11-0474 |
| Filed | June 11, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In proceedings following the revocation of defendant's probation, the trial court clearly intended to establish a new restitution order, even though it left the portion of the sentencing order establishing restitution blank, and under those circumstances, the current restitution order would be deemed the same as the prior order; however, pursuant to Supreme Court Rule 615(b)(4), the portion of the restitution order that was not supported by an agreement to pay was vacated, and the requirement that defendant's bond be applied to restitution first was held to be void, since section 5-5-6(e) of the Unified Code of Corrections requires that defendant's bond first be applied to court costs and fines. |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 07-CF-1510; the Hon. Stephen A. Kouri, Judge, presiding. |
| Judgment | Affirmed as modified and vacated in part. |

| Counsel on Appeal | Sean Conley, of State Appellate Defender's Office, of Ottawa, for appellant. |
|---|---|
| | Jerry Brady, State's Attorney, of Peoria (Terry A. Mertel and Dawn D. Duffy, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.<br>Justice Lytton concurred in the judgment and opinion.<br>Presiding Justice Wright concurred in part and dissented in part, with opinion. |

**OPINION**

¶ 1    Defendant, Jarmarco Moore, pled guilty to two counts of burglary (720 ILCS 5/19-1(a) (West 2006)) and was sentenced to probation. Thereafter, his probation was revoked, and the trial court sentenced him to four years in prison and ordered that his bond money be applied first to restitution. Defendant appeals, arguing that the portion of the sentencing order applying his bond first to restitution is void. Specifically, defendant contends that: (1) he was not under any obligation to pay restitution after his probation was revoked; (2) restitution on one count was not supported by a valid agreement to pay; and (3) the restitution statute does not authorize applying bond to restitution before court costs. We vacate the portion of the sentencing order applying bond first to restitution, reduce defendant's restitution, and otherwise affirm defendant's conviction and sentence.

¶ 2                                    FACTS

¶ 3    Defendant was charged with four counts of burglary (720 ILCS 5/19-1(a) (West 2006)). Two of the counts related to defendant's actions against Azura Boutique and two related to his conduct toward Brom's Furs and Fashions. On April 4, 2008, defendant pled guilty to two counts of burglary against Azura Boutique and the State dropped the counts relating to Brom's Furs. Defendant's sentence included 180 days in jail, a 3-year term of probation, and an order for him to pay restitution in the amount of $517 to Azura Boutique and $2,700 to Brom's Furs.

¶ 4    On March 29, 2011, the State filed a petition to revoke defendant's probation. The petition alleged four separate occasions where defendant had failed to report to the probation department and claimed that defendant had left the state without permission and had

-2-

committed the offense of attempt to transport marijuana for sale while in Arizona. Defendant admitted the allegations in the petition, and the court revoked his probation.

¶ 5    On June 20, 2011, the circuit court held a new sentencing hearing. At the hearing, no evidence was presented. In pronouncing its sentence, the court discussed defendant's character and noted that he had not paid any of the restitution he had been ordered to pay as part of the original probation order. The court sentenced defendant to four years in prison. After the sentence was pronounced, the State asked the court if the bond could apply first to restitution. The court agreed and checked the box in the sentencing order which stated, "Bond to apply first to restitution." However, it left blank the section establishing restitution and did not check the box indicating restitution was ordered. Defendant appeals.

¶ 6                                            ANALYSIS

¶ 7    Defendant argues that the portion of his sentencing order applying his bond first to restitution is void because he was not under any obligation to pay restitution following the revocation of his probation and the restitution order was statutorily unauthorized. Initially, the State argues that defendant has forfeited review of this issue. However, it is well settled that a void order may be attacked at any time. *People v. Gutierrez*, 2012 IL 111590. We review the validity of a restitution order *de novo*. *People v. Felton*, 385 Ill. App. 3d 802 (2008).

¶ 8    First, defendant contends that the trial court failed to enter a new restitution order following the revocation of his probation. When a defendant's probation is revoked, an entirely new sentence is imposed. *Felton*, 385 Ill. App. 3d 802. Consequently, upon the revocation of probation, a defendant is no longer subject to the original conditions of probation, including an order to pay restitution. See *People v. McNett*, 361 Ill. App. 3d 444 (2005).

¶ 9    Here, when defendant's probation was revoked, the original restitution order ceased to exist. See *McNett*, 361 Ill. App. 3d 444. In resentencing defendant, the trial court left the portion of the sentencing order establishing restitution blank. However, restitution was addressed during the sentencing hearing when the trial court discussed defendant's character and at the conclusion, when the State asked the court to check the box in the sentencing order applying defendant's bond first to restitution, which the court did. Under these facts, we believe that the trial court did intend to establish a restitution order. Further, because the court alluded to the original restitution order during sentencing, we believe the current order is exactly the same as the order that existed prior to the revocation of defendant's probation.

¶ 10    Defendant argues that if the new restitution order contains the same terms as the original order, something we have concluded it does, then the portion granting restitution to Brom's Furs should be vacated because it was not supported by an agreement to pay. We agree that this portion of the restitution order is not supported by law. See *People v. Owens*, 323 Ill. App. 3d 222 (2001) (generally, a defendant cannot be made to pay restitution for conduct not resulting in a conviction unless it is supported by an agreement to pay as part of a plea deal). Therefore, pursuant to our powers under Illinois Supreme Court Rule 615(b)(4), we reduce defendant's restitution to $517, payable in its entirety to Azura Boutique.

¶ 11     Defendant further contends that the section of the sentencing order applying his bond first to restitution is void because the restitution statute does not allow the application of bond to restitution before court costs. The cardinal rule of statutory interpretation is to give effect to the intent of the legislature. *Krautsack v. Anderson*, 223 Ill. 2d 541 (2006). To do so, we must give the language of the statute its plain and ordinary meaning and, absent any ambiguity, we must not resort to other aids of construction. *Id.*

¶ 12     While the State is correct in stating that the trial court may apply portions of defendant's bond to restitution (see *People v. Resnick*, 373 Ill. App. 3d 163 (2007)), the question here is whether the court may apply defendant's bond to restitution first, before it is applied to anything else. Section 5-5-6(e) of the Unified Code of Corrections states that "[t]he court may require the defendant to apply the balance of the cash bond, after payment of court costs, and any fine that may be imposed to the payment of restitution." 730 ILCS 5/5-5-6(e) (West 2010). Based on the plain language of the statute, the trial court does not have the authority to apply a defendant's bond to restitution before applying it to court costs and fines. Thus, the portion of the sentencing form which allows defendant's bond to apply first to restitution is in direct violation of the statute and is therefore void. See *People v. Sweeney*, 2012 IL App (3d) 100781 (portion of a sentencing order that exceeds the court's authority is void).

¶ 13                                    CONCLUSION

¶ 14     Defendant's restitution is reduced to $517. Otherwise the judgment of the circuit court of Peoria County is affirmed as modified and vacated in part.

¶ 15     Affirmed as modified and vacated in part.

¶ 16     PRESIDING JUSTICE WRIGHT, concurring in part and dissenting in part.

¶ 17     I respectfully concur in part and dissent in part. I agree with the majority that, after the court revoked probation, the court properly resentenced defendant to four years in the Department of Corrections and also properly ordered him to pay the remaining costs and restitution as originally imposed in 2008.

¶ 18     Based on the record, defendant agreed to pay restitution to Brom's Furs and Fashions as part of his original plea agreement in 2008. Significantly, defendant does not request an opportunity to withdraw his guilty plea. Accordingly, I dissent because I believe defendant's original sentence ordering restitution to both victims was not void at the time defendant was ordered to serve a period of probation for the 2007 offense. 730 ILCS 5/5-5-6(d) (West 2006). Since the majority concludes that the "current [sentencing] order is exactly the same as the order that existed prior to the revocation of defendant's probation" (*supra* ¶ 9), I submit that defendant's agreement to pay restitution to Brom's Furs and Fashions, as well as Azura Boutique, is preserved in the current sentencing order.

¶ 19     In addition, I would remand the case for the court to enter a separate order directing the circuit clerk to apply bond first to the payment of remaining costs, if any, and then restitution for both victims. I note that the original order of probation assessed costs in the amount of

$349, plus $100 for a public defender assessment, and $20 for a Violent Crime Victims Assistance Fund fee. It is very possible that these costs of less than $500 were paid in full before the State charged defendant with violating his order of probation, three years later, in 2011.

¶ 20 I am confused by the court's sentencing order dated June 30, 2011, listing "costs" in the amount of $1,767.15. I suggest the order contains a clerical error. It is unlikely that the court costs, if any, resulting from the proceedings on the violation of probation in 2011 added over $1,200 to the original 2008 court costs approximating $500.

¶ 21 Instead, it is much more likely that defendant made payments of $50 per month, as ordered in 2008, thereby reducing the balance due on restitution to $1,767.15, or, at the very least, the figure of $1,767.15 represents a combined amount of costs and remaining restitution. If the costs from the 2008 sentence have been paid in full, the court's order to apply bond to the remaining amount of restitution is not contrary to the statute.

¶ 22 I would remand this matter for the trial court to conduct a separate factual inquiry into the status, namely, the balance due on costs and restitution for each victim. The record on appeal does not provide any record for us to make these determinations. Based on this record, I would remand the matter to the trial court to enter a separate order properly identifying the balance due on costs and the amount of restitution for each victim.

¶ 23 For these reasons, I respectfully concur in part and dissent in part.