# `Official Reports

## Appellate Court

<div style="border:1px solid">

### *People v. Higgins*, 2014 IL App (2d) 120888

</div>

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DANIEL HIGGINS, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-12-0888 |
| Filed | June 19, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | On appeal from defendant's convictions for aggravated reckless driving and aggravated assault, defendant forfeited his claim that the restitution order should be vacated due to the failure to consider his ability to pay; the portion of the trial court's sentencing order requiring the payment of the fines and costs after restitution was paid out of defendant's bond money was vacated and the cause was remanded for the entry of an order requiring the fines and costs to be paid first from the bond money; and the DNA analysis assessment was properly set at $250, which was the amount in effect at the time defendant was sentenced, not the $200 in effect at the time of his offense, because the assessment was a fee, not a punishment in the form of a fine that would be subject to the prohibition against *ex post facto* laws; and furthermore, the trial court was directed on remand to make corrections to the judgment order, including corrections to the fines imposed by the circuit clerk that should have been imposed by the trial court. |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 10-CF-1797; the Hon. David R. Akemann, Judge, presiding. |
| Judgment | Affirmed in part and vacated in part; cause remanded. |

Counsel on
Appeal

Thomas A. Lilien and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

Joseph H. McMahon, State's Attorney, of St. Charles (Lawrence M. Bauer and Colleen P. Price, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
Justices Zenoff and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1    Following a bench trial, defendant, Daniel Higgins, was convicted of aggravated reckless driving (625 ILCS 5/11-503(a) (West 2010)) and two counts of aggravated assault (720 ILCS 5/12-2(a)(1), (a)(9) (West 2010)). He was sentenced to 28 months of probation and ordered to pay restitution to one of the victims in addition to various fines, fees, and costs. At issue in this appeal is the propriety of (1) the restitution award, which was ordered to be paid from defendant's bond before the fines, fees, and costs and entered without the court's determining defendant's ability to pay or setting a payment schedule; (2) a $250 deoxyribonucleic acid (DNA) analysis fee, under a statute applicable when defendant was sentenced; (3) various fines the clerk of the court imposed, including a $125 "Fine Agency" assessment; and (4) the court's not imposing a serious-traffic-violation charge (see generally 625 ILCS 5/16-104d (West 2010)). For the reasons that follow, we determine that (1) defendant has forfeited his challenge to the restitution order, but the restitution order must nevertheless be amended on remand to reflect whether defendant's bond will be applied to restitution after it is used to satisfy the fines and costs assessed; (2) the $250 DNA analysis fee is proper, as imposition of that fee does not run afoul of the prohibition against *ex post facto* laws; (3) the fines the clerk of the court imposed must be vacated, and this cause must be remanded for the court to calculate the proper amounts of the fines; (4) the cause must be remanded for the court to clarify what a $125 "Fine Agency" assessment is and whether such a charge is appropriate here; and (5) a $20 serious-traffic-violation charge must be imposed.

¶ 2    The following facts are relevant to resolving the issues raised here. On July 19, 2010, defendant was driving his tow truck toward Dustin and Tanika Martin. The tow truck struck Dustin, Dustin was propelled a distance away, and, when Dustin landed on the ground, he discovered that one of his front teeth was chipped. Defendant was charged with various offenses based on these and other acts, but he was convicted only of aggravated reckless driving and two counts of aggravated assault.

¶ 3    At a subsequent sentencing hearing, Margaret Martin, Dustin's mother, testified that she spent $350 on a "flipper" tooth for Dustin and that, based on phone calls she made, she

would have to spend between $1,900 and $2,000 for a permanent tooth implant. The court merged the two aggravated assault convictions and sentenced defendant to 28 months of probation. In sentencing defendant, the court assessed a $250 DNA analysis fee, imposed a $30 Children's Advocacy Center fine, levied a $250 fine, ordered defendant to pay $1,900 in restitution to Margaret, and ordered that the amount of restitution be taken out of defendant's bond before any fines, fees, or costs were paid with the bond money.[1] In addition to these fines and fees, the clerk of the court imposed, among others, the following charges: (1) $60 for "CR. Surcharge Stat[e]"; (2) $24 for "Driver[']s Education"; (3) $24 for a "Victim Fund"; and (4) $125 for "Fine Agency." Neither the court nor the clerk imposed a serious-traffic-violation charge, and defendant never challenged in the trial court the restitution order or any of the fines and fees imposed. This timely appeal followed.

¶ 4   On appeal, defendant raises two issues. He argues that, because the court did not consider his ability to pay restitution and did not set a payment schedule, the order for restitution must be vacated and the cause remanded for a new hearing. Defendant also argues that his $250 DNA analysis fee must be reduced to $200, because, when he committed the crimes, the applicable statute provided for only a $200 DNA analysis fee. The State claims that, because defendant never challenged the restitution order in the trial court, he has forfeited any claim that the restitution order is improper. However, forfeiture aside, the State claims that there was ample evidence presented establishing defendant's ability to pay and that, in any event, the restitution order must be modified so that restitution is paid out of defendant's bond only after all fines, fees, and costs are satisfied. The State also contends that a $250 DNA analysis fee is proper, as the prohibition against *ex post facto* laws does not apply to fees. The State then argues that the various fines the clerk of the court imposed must be vacated and reimposed; that this court should remand the cause so that the trial court can clarify what it meant by a $125 "Fine Agency" assessment; and that a $20 serious-traffic-violation charge must be assessed. We address each argument in turn.

¶ 5   The first issue we address is whether the restitution order must be vacated and the cause remanded so that the trial court can assess defendant's ability to pay and set a payment schedule. Before considering that issue, we address the State's claim that the issue is forfeited, as defendant never challenged the restitution order in the trial court.

¶ 6   Ordinarily, a sentencing issue, like restitution (see *People v. White*, 146 Ill. App. 3d 998, 1003 (1986) (noting that restitution is an increment of the sentence)), not raised during the sentencing hearing or in a postsentencing motion results in forfeiture of that issue on appeal. See *People v. Watkins*, 325 Ill. App. 3d 13, 17 (2001), *abrogated on other grounds by People v. Bailey*, 2014 IL 115459. However, there are exceptions to this rule. One of those exceptions provides that a void sentencing order may be attacked at any time. *People v. Mancilla*, 331 Ill. App. 3d 35, 37 (2002). Defendant claims that the restitution order at issue here is void, because, before the court imposed the restitution order, it failed to assess defendant's ability to pay, and it did not set a payment schedule. Whether a sentence, or a portion of it, is void presents a question of law that we review *de novo*. *People v. Donelson*, 2011 IL App (1st) 092594, ¶ 7.

¶ 7   "Any portion of a sentence that is not statutorily authorized is void." *People v. Day*, 2011 IL App (2d) 091358, ¶ 48. Thus, when a trial court exceeds its sentencing authority by

---

[1]The sentencing order specifically provided, "Clerk to pay restitution 1st."

entering an order that a statute does not allow, the order will be deemed void, and the defendant may challenge it on appeal even if the defendant did not properly preserve it. *Id*. ¶¶ 48-49. However, if the order is improper because of a mistake in the law or the facts, it is voidable, not void. *Id.* ¶ 48. A voidable order, unlike a void order, may be forfeited. *Id.*

¶ 8        Because the voidness of a sentencing order, like the restitution here, is dependent on whether the court exceeded its statutory authority in imposing it, we begin by examining the relevant statute. In doing so, we are guided by the well-settled rules of statutory construction. "The primary objective in construing a statute *** is to ascertain and give effect to the legislative authority's intent." *People v. Martino*, 2012 IL App (2d) 101244, ¶ 25. "The surest and most reliable indicator of this intent is the language of the statute *** itself." *Id.* "We must construe the statute *** as a whole, giving the language its plain and ordinary meaning." *Id.* "In doing so, when the language is clear and unambiguous, we must apply the statute *** without resorting to any extrinsic aids of construction." *Id.*

¶ 9        Section 5-5-6(b) of the Unified Code of Corrections (Code) (730 ILCS 5/5-5-6(b) (West 2010)) is the statute that provides for restitution. It states that "the court shall assess the actual out-of-pocket expenses, losses, damages, and injuries suffered by the victim named in the charge and any other victims who may also have suffered out-of-pocket expenses, losses, damages, and injuries proximately caused by the same criminal conduct of the defendant." *Id.* Section 5-5-6(f) of the Code (730 ILCS 5/5-5-6(f) (West 2010)) addresses a defendant's ability to pay restitution. Specifically, it provides that, "[t]aking into consideration the ability of the defendant to pay, including any real or personal property or any other assets of the defendant, the court shall determine whether restitution shall be paid in a single payment or in installments, and shall fix a period of time not in excess of 5 years or the period of time specified [for offenses not committed and injuries not sustained here], not including periods of incarceration, within which payment of restitution is to be paid in full." *Id.*

¶ 10       A restitution order is void when, for example, the court requires restitution for charges that were ultimately dismissed (see, *e.g.*, *People v. Felton*, 385 Ill. App. 3d 802, 806 (2008)) or orders restitution to be paid to those who are not "victims" (see, *e.g.*, *People v. Thornton*, 286 Ill. App. 3d 624, 632 (1997) (restitution order to county agency in an animal cruelty case was void, because neither dog nor county agency that cared for dog the defendant badly neglected was a "victim")). The same cannot be said for those restitution orders that were entered without the court first considering a defendant's ability to pay or setting a payment schedule. See, *e.g.*, *People v. Graham*, 406 Ill. App. 3d 1183, 1194 (2011) ("As for the defendant's argument that the trial court's restitution order should be set aside because the court failed to consider his ability to pay restitution and failed to specify, *inter alia*, a payment schedule, these objections have been forfeited by the defendant's failure to raise them at his sentencing hearing."). The reason for this difference is clear. When, for example, a court orders restitution for someone who is not a "victim," the court is acting outside of its statutory authority in that it is giving restitution to someone to whom restitution is not statutorily allowed. *Thornton*, 286 Ill. App. 3d at 632. In contrast, the statute does not mandate that a court assess a defendant's ability to pay and specify a payment schedule before imposing restitution. *Graham*, 406 Ill. App. 3d at 1194; see also *People v. Gray*, 234 Ill. App. 3d 441, 444 (1992) (section 5-5-6(f) of the Code simply "does not require any preliminary determination of defendant's financial capacity before ordering defendant to pay restitution"). Although assessing a defendant's ability to pay used to be a prerequisite, that

"requirement was eliminated by statutory amendment in 1983." *Gray*, 234 Ill. App. 3d at 444. Because section 5-5-6(f) "applies only to the time frame and method of payment through which restitution shall be made after restitution has been ordered" (*id.*), a restitution order entered without compliance with the statute is voidable and, thus, subject to forfeiture. Accordingly, we agree with the State that defendant has forfeited review of his claim that the restitution order must be vacated because the court failed to assess his ability to pay and set a payment schedule.

¶ 11    The next issue we consider is whether the court's order that defendant's bond money be used to pay restitution before it is used to pay the fines, fees, and costs must be corrected to reflect that defendant's bond money may be used to pay restitution only if funds are available after the bond money is applied to the fines, fees, and costs. Defendant argues that, because the State asked the court at the sentencing hearing to use defendant's bond to satisfy the restitution order first, the State cannot now argue that the court erred in doing so.

¶ 12    Resolution of this issue turns on an interpretation of section 5-5-6(e) of the Code (730 ILCS 5/5-5-6(e) (West 2010)). Thus, our review is *de novo*. See *Day*, 2011 IL App (2d) 091358, ¶ 49.

¶ 13    Section 5-5-6(e) of the Code (730 ILCS 5/5-5-6(e) (West 2010)) provides that "[t]he court may require the defendant to apply the balance of the cash bond, after payment of court costs, and any fine that may be imposed to the payment of restitution." The unambiguous language of this section, which we must follow (see *Martino*, 2012 IL App (2d) 101244, ¶ 25), dictates that restitution may be paid using a defendant's bond money *only after* the bond money is first applied to satisfy the fines and costs imposed. *People v. Moore*, 2013 IL App (3d) 110474, ¶ 12. Here, the court exceeded its statutory authority when it ordered that defendant's bond money first be applied to pay the restitution amount. Because the court exceeded its statutory authority in this way, that part of the court's order is void (*id.*), and the fact that the State invited the court to make this error is immaterial (see *People v. Smith*, 406 Ill. App. 3d 879, 887 (2010) (considering whether order was void even though the defendant invited the error of which he complained)). Accordingly, we vacate the part of the court's order that stated, "Clerk to pay restitution 1st." See *Moore*, 2013 IL App (3d) 110474, ¶ 12.

¶ 14    Because, as discussed below, this cause must be remanded for further proceedings, we direct the court to consider on remand whether to enter an order specifying that defendant's bond money will be used to pay restitution after his bond is applied to the fines and costs imposed. The trial court may also consider defendant's ability to pay and determine whether the restitution should be paid in a single payment or in installments.

¶ 15    Next, we consider whether the court should have imposed a $200 DNA analysis fee, not a $250 DNA analysis fee, because the applicable statute in effect when defendant committed the crimes provided for a $200 fee. In doing so, we observe that defendant never challenged the fee in the trial court, but the State makes no claim on appeal that the issue is forfeited. Accordingly, the State has forfeited any forfeiture argument. See *People v. Williams*, 193 Ill. 2d 306, 347 (2000) ("The rules of waiver are applicable to the State as well as the defendant in criminal proceedings, and the State may waive an argument that the defendant waived an issue by failing to argue waiver in a timely manner.").

¶ 16    Turning to the merits, defendant committed his offenses on July 19, 2010, but he was not sentenced until July 12, 2012. At both times, section 5-4-3(a)(1) of the Code (730 ILCS 5/5-4-3(a)(1) (West 2010)) provided that a defendant convicted of, among other things, a

felony committed on or after July 1, 1990, and sentenced to, among other things, probation must submit a specimen of blood, saliva, or tissue to the Department of State Police. Thus, because defendant committed his felonies after July 1, 1990, and was sentenced to probation, he had to submit a sample of blood, saliva, or tissue to the Department of State Police.

¶ 17    Although section 5-4-3(a)(1) of the Code was the same when defendant committed his crimes and when he was sentenced, section 5-4-3(j) of the Code (730 ILCS 5/5-4-3(j) (West 2010)), which provides for the amount of the DNA analysis fee, was not. When defendant committed his crimes, section 5-4-3(j) provided that any defendant who falls within section 5-4-3(a)(1) of the Code must pay a $200 DNA analysis fee. See 730 ILCS 5/5-4-3(j) (West 2010). Public Act 97-383, § 5 (eff. Jan. 1, 2012), changed the amount of the fee to $250. Thus, when defendant was sentenced, the fee had increased $50. See 730 ILCS 5/5-4-3(j) (West 2012).

¶ 18    The question becomes which fee should apply here. Defendant argues that imposing a $250 DNA analysis fee on him violates the prohibition against *ex post facto* laws and that, thus, the fee should be reduced to $200. The State claims that *ex post facto* considerations do not apply in this case, as the DNA analysis fee is not a punishment.

¶ 19    A law is *ex post facto* if it, among other things, increases the punishment for a previously committed offense. *People v. Ramsey*, 192 Ill. 2d 154, 157 (2000). Fees, which are compensatory instead of punitive, are not subject to the prohibition against *ex post facto* laws, but fines, which are punitive, are. *People v. Dalton*, 406 Ill. App. 3d 158, 163 (2010). We review *de novo* whether the law concerning the amount of the DNA analysis fee is *ex post facto* as applied to defendant. See *People v. Davis*, 408 Ill. App. 3d 747, 751 (2011).

¶ 20    This court, in another context, has concluded that the DNA analysis fee is a fee, not a fine. See *People v. Guadarrama*, 2011 IL App (2d) 100072, ¶ 13 (for purposes of sentencing credit, a DNA analysis fee is a fee and not a fine). Even though our focus in *Guadarrama* was not on whether a DNA analysis fee is a fine for *ex post facto* purposes, we see no reason why our analysis there should not be applied here. Thus, we conclude that the DNA analysis fee is a fee, and, because it is a fee, the court could impose a $250 DNA analysis fee on defendant without running afoul of the prohibition against *ex post facto* laws.

¶ 21    The next matter we consider concerns the issues the State raises about the various fines imposed and the absence of a serious-traffic-violation charge. Defendant indicates in his reply brief that he has no response to the State's arguments. Again, as these are issues of voidness, the State may raise them. See *People v. Boand*, 362 Ill. App. 3d 106, 138 (2005); see also *People v. Montiel*, 365 Ill. App. 3d 601, 606 (2006) ("We hold the defendant's sentence to be void to the extent it does not include required fines and fees.").

¶ 22    Addressing these issues requires us to examine several statutes. In doing so, we are again guided by the well-settled rules of statutory construction. That is, in ascertaining the legislature's intent, we construe a statute as a whole, giving the statutory language its plain and ordinary meaning, and we review *de novo* whether the applicable statutes allowed the charges. *Martino*, 2012 IL App (2d) 101244, ¶¶ 25-26.

¶ 23    Moreover, in reviewing the propriety of the charges, we note, as indicated above, that a fee is a compensatory charge in that it is imposed to recoup some of the costs incurred in prosecuting a defendant. *Guadarrama*, 2011 IL App (2d) 100072, ¶ 9. A fine, in contrast, is a pecuniary punishment that is assessed against a defendant convicted of a crime and is part of the defendant's sentence. *Id.*

¶ 24    The distinction between what constitutes a fine and what constitutes a fee is important, because imposition of a fine is a judicial act. *People v. Evangelista*, 393 Ill. App. 3d 395, 401 (2009). Thus, the clerk of the court lacks the power to levy any fines, even mandatory ones. *Id*. A mandatory fine is one that the statute indicates *shall* be imposed. See *People v. Reed*, 177 Ill. 2d 389, 393 (1997). When the clerk imposes a fine that the court should have, a court of review may vacate the fine and reimpose it. *Evangelista*, 393 Ill. App. 3d at 401 (citing Ill. S. Ct. R. 366(a)(5) (eff. Feb. 1, 1994) (reviewing court may "make any order that ought to have been given or made")).

¶ 25    With these principles in mind, we turn to the fines with which the State takes issue. The fines the clerk imposed include: (1) a $60 "CR. Surcharge Stat[e]"; (2) $24 for "Driver[']s Education"; (3) $24 for a "Victim Fund"; and (4) $125 for "Fine Agency." We consider the propriety of each in turn.

¶ 26    However, before doing so, we first note, as the State indicates, that the court imposed on defendant a $250 fine. As the State observes, section 5-9-1(a) of the Code (730 ILCS 5/5-9-1(a) (West 2010)) provides that "[a]n offender may be sentenced to pay a fine as provided in Article 4.5 of Chapter V." See also 730 ILCS 5/5-4.5-45(e) (West 2010) (a defendant, like defendant here, who is convicted of a Class 4 felony (see 625 ILCS 5/11-503(a), (c) (West 2010)), may be ordered to pay a fine as delineated in section 5-4.5-50(b) of the Code (730 ILCS 5/5-4.5-50(b) (West 2010))). Section 5-4.5-50(b) of the Code states that the fine imposed on an individual convicted of a felony may not exceed $25,000. The State claims that, given this background, imposition of a $250 fine was not improper. We agree.

¶ 27    Second, we consider whether the $60 "CR. Surcharge Stat[e]" is a fine that the clerk lacked the authority to impose. Section 5-9-1(c) of the Code (730 ILCS 5/5-9-1(c) (West 2010)) covers this charge, and it provides, in pertinent part, that "[t]here shall be added to every fine imposed in sentencing for a criminal or traffic offense *** an additional penalty of $10 for each $40, or fraction thereof, of fine imposed." This charge "shall be assessed by the court imposing the fine and shall be collected by the Circuit Clerk in addition to the fine and costs in the case." *Id.* As the clear language of section 5-9-1(c) indicates, this charge is a fine that only the court has the power to levy. Accordingly, here, the clerk lacked the authority to impose it. Given that this cause must be remanded for, among other things, whether the court should enter an order specifying that defendant's bond money will be used to pay restitution after his bond is applied to the fines and costs imposed, we direct the court to calculate on remand the proper amount of any "CR. Surcharge Stat[e]."

¶ 28    Third, we address the $24 "Driver[']s Education" charge. Section 16-104a(a) of the Illinois Vehicle Code (625 ILCS 5/16-104a(a) (West 2010)) outlines when such a charge may be assessed. It provides that "[t]here is added to every fine imposed upon conviction of a[ ] [traffic] offense [like aggravated reckless driving] *** an additional penalty of $4 for each $40, or fraction thereof, of fine imposed." *Id.* "Such additional amounts shall be assessed by the court and shall be collected by the Clerk of the Circuit Court in addition to the fine[s] and costs in the case." *Id.* This clear language indicates that the "Driver[']s Education" charge is a fine. See *People v. O'Laughlin*, 2012 IL App (4th) 110018, ¶¶ 19-24. Thus, the court, not the clerk, had the authority to impose it. Because the clerk imposed the fine here, we vacate the $24 "Driver[']s Education" fine, and, on remand, we direct the court to calculate the proper amount of the fine.

¶ 29    Fourth, we consider the $24 "Victim Fund" charge. The relevant portion of the statute that authorizes a victim-fund charge for a felony, among other things, provides that "there shall be an additional penalty collected from each defendant upon conviction *** of $4 for each $40, or fraction thereof, of fine imposed." 725 ILCS 240/10(b) (West 2010). The clear language of this statutory provision reveals that a "Victim Fund" charge is a fine, and, because it is a fine, the court must impose it. Because the clerk imposed it here, we vacate the $24 "Victim Fund" charge, and, on remand, we direct the court to recalculate the fine based on the gross amount of all the other fines imposed.

¶ 30    Fifth, we address the $125 "Fine Agency" assessment. Neither the State nor this court through its own research has found what statute authorizes the imposition of this charge. Accordingly, we vacate the $125 "Fine Agency" assessment, and, on remand, we direct the court to clarify on what basis this assessment was imposed and, if authorized, to cite the authority and impose a proper charge.

¶ 31    The last issue we consider is whether the trial court should have imposed a serious-traffic-violation charge. The relevant statute states that "[a]ny person who is convicted of or pleads guilty to a serious traffic violation, as defined in Section 1-187.001 of this Code, shall pay an additional fee of $20." 625 ILCS 5/16-104d (West 2008).[2] Section 1-187.001 of the Vehicle Code (625 ILCS 5/1-187.001 (West 2008)) lists various offenses that are serious traffic violations. Included in this list is "a violation relating to reckless driving." 625 ILCS 5/1-187.001(a)(7) (West 2008). Thus, because defendant was convicted of aggravated reckless driving, section 16-104d applies.

¶ 32    Section 16-104d provides that the money collected from this charge is distributed to the Fire Prevention Fund in the state treasury, the Fire Truck Revolving Loan Fund in the state treasury, and the Circuit Court Clerk Operation and Administrative Fund. 625 ILCS 5/16-104d (West 2008). Because the money is not used to recoup expenses incurred in prosecuting a defendant, it is a fine that the court should have imposed. Thus, on remand, we direct the court to impose this fine.

¶ 33    For these reasons, we affirm the order for restitution, affirm the $250 DNA analysis fee, vacate the fines the clerk imposed, and remand this cause for the court to calculate and impose the proper charges and determine whether defendant's bond money will be used to satisfy the restitution award after it is applied to fines and costs.

¶ 34    Affirmed in part and vacated in part; cause remanded.

---

[2]We cite to the 2008 version of this statute because Public Act 96-1175, § 5 (eff. Sept. 20, 2010), increased the charge to $35 and because, as we discuss, this charge is a fine, such that the amount in effect when defendant committed the crime, not when he was sentenced, applies.