NOTICE

Decision filed 07/28/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 180003-U

NOS. 5-18-0003 & 5-18-0004 cons.

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | Nos. 16-CF-406, |
| | ) | 16-CF-407 |
| WILLIE VAUGHN, | ) | |
| | ) | Honorable |
| | ) | Jerry E. Crisel, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Cates and Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*: Because the trial judge's restitution order in this case failed to set out a method and manner of payment which took into account the defendant's ability to pay, and failed to set a time period for payment, we vacate the order and remand for proceedings in compliance with the Unified Code of Corrections (730 ILCS 5/5-5-6 (West 2016)).

¶ 2    In this consolidated appeal, the defendant, Willie Vaughn, appeals the restitution order of the circuit court of Jefferson County. For the following reasons, we vacate the order and remand for proceedings in compliance with the relevant statutory provisions.

1

¶ 3                    I. BACKGROUND

¶ 4    The facts necessary to our disposition of this appeal follow. On October 17, 2016, the defendant was charged by information in case number 16-CF-406 with one count of residential burglary, a Class 1 felony. Also on October 17, 2016, the defendant was charged by information in case number 16-CF-407 with, *inter alia*, unlawful possession with intent to deliver a controlled substance, which likewise is a Class 1 felony. On October 21, 2016, he was indicted on the same offenses. On May 4, 2017, the defendant entered an open plea of guilty to the residential burglary charge in 16-CF-406. The factual basis given for the open plea asserted that, *inter alia*, the defendant stole a number of gold coins from the victim, for whom the defendant previously had done work. No information was presented at the guilty plea hearing as to the monetary value of the gold coins.

¶ 5    On August 11, 2017, the defendant entered an open plea of guilty to the unlawful possession with intent to deliver a controlled substance charge in 16-CF-407. The factual basis given for the plea asserted that, *inter alia*, when the defendant was arrested at his home pursuant to an investigation of the charges in 16-CF-406, police discovered $4340 in cash and several dozen capsules containing a total of less than 15 grams of heroin, which led to the charges in 16-CF-407. An additional count in 16-CF-407, and an additional unrelated charge, were dismissed as a result of the plea agreement between the parties.

¶ 6    Thereafter, also on August 11, 2017, a sentencing hearing was held in both 16-CF-406 and 16-CF-407. The 68-year-old victim in 16-CF-406 testified that the gold coins

stolen from him had a monetary value of "over a hundred thousand dollars," although he noted that the value fluctuated on a daily basis with the price of gold. He testified that aside from the "bullion coins" which he used to help fund his retirement, he also had "collector coins" that the defendant stole, which the victim had been collecting since approximately 1970 and had planned to leave to his heirs. He testified that the theft of the coins had deprived him of "a big chunk" of his planned retirement funds, and testified as to the overall financial impact the theft had on him, which included the fact that he had been forced to sell items and stocks to pay his regular bills and avoid going into debt.

¶ 7 The defendant was then given the opportunity to make a statement in allocution. The defendant apologized to the victim. The defendant stated that the cash that had been seized when he was arrested was money he had been saving from his paychecks as a maintenance worker at a local hotel. He asked the court if that money could be given to the victim as restitution for the victim's losses. In argument, the State requested a sentence of "no less than 18 years" of imprisonment, "a $2,000 drug assessment" in 16-CF-407, "court costs only in both matters, and restitution to [the victim] of a hundred thousand dollars, even though the likelihood of him ever getting that is probably minimal." The defendant argued that he had a solid employment history, and that it was his drug addiction that was responsible for his criminal behavior, which consisted of nonviolent offenses. The defendant requested a sentence of "somewhere more in the range of 6 to 8 years" of imprisonment, along with drug addiction treatment while incarcerated. Counsel for the defendant noted the defendant's "willingness to pay back restitution," and requested restitution "in the $60,000 range," which he argued was more

3

consistent with the valuation of the gold coins he had previously been given by the State. The trial judge subsequently noted that he thought the amount of restitution ordered "really isn't going to make much difference because I don't expect you to ever pay it back." He thereafter stated, "I'm going to order restitution just so in case you win the lottery someday, you'll have to pay him." Noting that the defendant would be serving his sentences at 50%, with the ability to earn "day-for-day good time" credit, the trial judge sentenced the defendant to 20 years of imprisonment on the residential burglary conviction in 16-CF-406 and 15 years of imprisonment on the unlawful possession with intent to deliver a controlled substance conviction in 16-CF-407, to be served concurrently. He stated he would "set the restitution at $100,000" because "that's the only evidence we have about that," and reiterated, "I don't anticipate that will be paid, but if—if something major happens someday, if you have some property, land or whatever, it's a judgment."

¶ 8      On August 15, 2017, the trial judge entered his written sentencing order, in which the defendant was sentenced to 20 years of imprisonment on the residential burglary conviction in 16-CF-406 and 15 years of imprisonment on the unlawful possession with intent to deliver a controlled substance conviction in 16-CF-407, to be served concurrently and followed by 3 years of mandatory supervised release. In addition, in 16-CF-406, restitution in the amount of $100,000 was ordered, as well as court costs, with the $4340 in cash that was confiscated from the defendant in 16-CF-407 to be applied toward the restitution ordered in 16-CF-406. In 16-CF-407, court costs and a "drug assessment fine" of $2000 were ordered. The combined sentencing order further stated

that the defendant was to "personally appear in court within 30 days of his release from [prison] and establish a time payment order unless paid in full."

¶ 9    On September 7, 2017, the defendant filed a combined motion to reconsider sentence in both cases, in which he asked that his terms of imprisonment be reduced. The motion did not refer to, or in any way mention, the restitution elements of his sentencing in the two cases. The motion was denied, following a hearing at which counsel for the defendant orally requested that the amount of restitution be lowered, along with the terms of incarceration. Subsequently, the defendant filed timely notices of appeal in both cases, and this court consolidated the appeals for purposes of, *inter alia*, rendering this decision.

¶ 10                                    II. ANALYSIS

¶ 11    On appeal, the defendant asks this court to vacate the restitution order entered against him, contending that the trial judge "failed to set out a method and manner of payment which took into account [the defendant's] ability to pay, and failed to set a time period for payment, as required by the statute." Specifically, the defendant takes issue with the order because the order fails to (1) "specify whether [he] is required to pay the restitution in a lump sum or in installments," (2) "set a time period during which the restitution [is] to be paid," and (3) "consider [his] ability to pay." Because the defendant argues not that the trial judge abused his discretion in determining the amount of the restitution order, but instead that the trial judge's order failed to meet the statutory requirements for an order of restitution, we agree with the defendant that the matter before us presents a question of law, which we review *de novo*. See, *e.g.*, *People v. Felton*, 385 Ill. App. 3d 802, 805 (2008). We note that an order of restitution that does

5

not comply with the statutory requirements of section 5-5-6 of the Unified Code of Corrections (Code) (730 ILCS 5/5-5-6 (West 2016)) must be vacated and remanded for proceedings in compliance therewith. See, *e.g.*, *People v. Dickey*, 2011 IL App (3d) 100397, ¶¶ 24, 27.

¶ 12    However, in this case the State urges us not to reach the merits of the defendant's claim, contending that because the defendant did not raise this issue in the trial court, and has not argued for plain-error review before this court, the defendant has forfeited his claim. In support of this proposition, the State points to two cases—*People v. Sharp*, 2015 IL App (1st) 130438, ¶ 132, and *People v. Pasch*, 152 Ill. 2d 133, 216 (1992)—that hold that defects in a sentencing hearing must be included in a motion for a new sentencing hearing to avoid forfeiture. In this case, however, the defendant is not raising a defect in his sentencing hearing: instead, he is contending that the restitution order itself is inadequate as a matter of law, because it does not meet the requirements of the Code. The State also cites *People v. Kirkpatrick*, 272 Ill. App. 3d 67, 72-73 (1995), in which our colleagues in the Fourth District held that the defendant's attempt to challenge a restitution order of $215.50—on the grounds that the order failed to set forth a time for payment, as required by the Code—was forfeited because the defendant did not raise the issue in the trial court. However, as the defendant points out in his reply brief, the only legal authority the *Kirkpatrick* court cited as support for its ruling was an earlier case from this court, *People v. Williams*, 180 Ill. App. 3d 294, 305-06 (1989), which in fact found that although forfeiture was present with regard to the defendant's excessive sentencing claim, forfeiture was *not* present with regard to the defendant's claim that the

6

restitution order in that case was invalid because no hearing had been held to determine the defendant's ability to pay restitution. We agree with the defendant that therefore *Williams*, rather than *Kirkpatrick*, is the more apposite and appropriate case to follow, and that accordingly, the defendant has not forfeited the claim he raises in this appeal, despite the fact that he did not raise it in the trial court. We also agree that the defendant therefore was not required to argue for plain-error review in this court. See *Williams*, 180 Ill. App. 3d at 306 (remanding, despite State's claim of forfeiture and despite the lack of a plain-error argument by the defendant, for a hearing to determine defendant's ability to pay restitution, as required by the Code). We note as well that *Kirkpatrick* involved a restitution order for $215.50, whereas this case involves an order for $100,000—an amount that certainly raises the twin specters of due process and fundamental fairness when any argument as to forfeiture is made.

¶ 13    With regard to the merits of the defendant's claim, this court has long held that if a trial judge, after determining that restitution is appropriate in a case, nevertheless fails "to set forth a time limit or method of payment as required by" the Code, the order must be remanded for a new hearing, and a new order that complies with the Code. *People v. Hayes*, 173 Ill. App. 3d 1043, 1052 (1988). "On remand, *** the trial [judge] must consider [the] defendant's ability to pay in making a determination of the method and time of payment of restitution." *Id.* at 1053. In this case, the defendant is correct that the trial judge failed to comply with the Code because the trial judge's restitution order failed to set out a method and manner of payment which took into account the defendant's ability to pay, and failed to set a time period for payment. Accordingly, we vacate the

7

restitution order and remand for proceedings in compliance with the Code. We note that on remand, the trial judge is not obligated to accept the defendant's version of events as to the disposal of the gold coins in question.

¶ 14                                III. CONCLUSION

¶ 15    For the foregoing reasons, we vacate the restitution order of the circuit court of Jefferson County and remand for proceedings in compliance with the Code.


¶ 16    Restitution order vacated; cause remanded.